IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM L. DEUERLEIN, | ) | 4:11CV3065 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DHHS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion to Dismiss. (Filing No. 7.) Also pending are Plaintiff's Motion for Stay on Any and All Proceedings (filing no. 6), Motion to Proceed (filing no. 11), and Motion to Return Original Documents (filing no. 19). As set forth below, Defendant's Motion to Dismiss is granted and Plaintiff's Motions are denied.

## I. BACKGROUND

Plaintiff filed his Complaint on May 2, 2011, against the Nebraska Department of Health and Human Services ("NDHHS"). (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that on July 12, 2008, a deputy sheriff informed him that NDHHS was going to take away his minor children. (Filing No. 1-1, Attach. 1 at CM/ECF p. 2.) Over the next several months, Plaintiff attended parenting classes, alcoholics anonymous meetings, domestic violence classes and co-dependency counseling. (*Id*. at CM/ECF pp. 3-5.) Eventually, a trial was held and Plaintiff's parental rights were terminated. (*Id*. at CM/ECF p. 5.) Plaintiff asserts that NDHHS "mishandled his case from beginning to end." (Filing No. 1 at CM/ECF p. 2.) He asks the court to "put a stay on all proceedings concerning [his] children" and to restore his parental rights. (*Id*. at CM/ECF p. 5.)

## II.  ANALYSIS

### A.  Motion to Dismiss Standard

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### B.  NDHHS's Motion to Dismiss

It its Brief, NDHHS argues, among other things, that this court should abstain from exercising jurisdiction over Plaintiff's Complaint. (Filing No. 8 at CM/ECF pp. 10-13.) The court agrees.

Liberally construed, Plaintiff's claims are brought pursuant to the Fourteenth Amendment. The Fourteenth Amendment protects a parent's liberty interest in the "care, custody, and management of their children." *Manzano v. S.D. Dep't of Soc. Servs.*, 60 F.3d 505, 509-10 (8th Cir. 1995). However, to promote comity between state and federal judicial bodies, federal courts have developed a strong policy against exercising jurisdiction over these matters when state court proceedings have already commenced. *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1)

2

there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)).

Plaintiff's Complaint indicates that he is involved in state court proceedings regarding the care, custody and management of his children. (*See* Filing Nos. 1 and 1-1.) Plaintiff has not alleged, nor demonstrated, that these proceedings do not provide him with the opportunity to raise his Fourteenth Amendment claims.[1] Accordingly, the court will abstain from exercising jurisdiction over Plaintiff's claims. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

---

[1] To the extent that Plaintiff asks this court to review and reverse a state court order, this Court lacks subject matter jurisdiction. The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court" (citation omitted)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court judicial proceeding.

### C. Plaintiff's Motion to Return Original Documents

Also pending is Plaintiff's Motion to Return Original Documents. (Filing No. 19.) In his Motion, Plaintiff asks the court to send all of his original documents back to him. (*Id*.) However, Plaintiff did not follow NECivR 5.1(f)(2) and all original documents have been destroyed in accordance with that rule. *See also Young v. Smalls*, Civil No. 09-2545 DMS (JMA), 2010 WL 731389, at *1 (S.D. Cal. Feb. 26, 2010) (stating the court cannot return original documents to him once they are filed as part of the Court's record). Moreover, Plaintiff does not have the right to receive copies of documents without payment, even if the court granted him leave to proceed in forma pauperis. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted). If Plaintiff requires copies of court documents, he should contact the Clerk of the court to determine the proper method of requesting and paying for copies. Plaintiff's Motion to Return Original Documents is denied.

IT IS THEREFORE ORDERED that:

1. NDHHS's Motion to Dismiss (filing no. 7) is granted.

2. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

3. Plaintiff's Motion to Proceed (filing no. 11) is denied.

4. Plaintiff's Motion for Stay on Any and All Proceedings (filing no. 6) is denied as moot.

5. Plaintiff's Motion to Return Original Documents (filing no. 19) is denied.

6. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 17th day of August, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.